OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek a judgment annulling the decision of the State Tax Commission of July 17, 1981 for a revision of income taxes of DeWitt and Lila Wallace for the years 1971, 1972 and 1973.
The taxpayers, Lila Wallace and DeWitt Wallace (now deceased), filed Federal and New York State income tax returns for the years 1971, 1972 and 1973, claiming taxes due as follows: 1971 — $142,691; 1972 — $215,715; 1973 — $268,463.
The deficiencies for those years determined by the State Tax Commission pertain to the computation under the Internal Revenue Code (Code) of the charitable contributions deductions of the taxpayers. The correctness of the deficiency depends upon whether taxpayers correctly calculated the amount of their charitable contributions deductions and is based on an interpretation of the Internal Revenue Code (US Code, tit 26, § 170, subd [f], par [6]).
The Internal Revenue Code (US Code, tit 26, § 170, subd [a]) allows taxpayers to deduct charitable contributions subject to a variety of limitations (US Code, tit 26, § 170, *188 subds [b], [e], par [1], cl [B]). Generally, an individual taxpayer is allowed to claim a deduction for charitable contributions of up to 50% of his adjusted gross income (referred to as the standard limitation). The taxpayers here, however, were entitled during the years in question (1971, 1972 and 1973) to elect that the usual limitations not apply in the computation of their charitable contributions deduction and to utilize instead the “unlimited” charitable contributions deduction allowed by the Code (US Code, tit 26, § 170, subd [b], par [1], cl [C] [the special limitation]).
For the year 1971, the taxpayers, using the special limitation, deducted charitable contributions equal to 74% of their adjusted gross income, 68% of their adjusted gross income in 1972, and 62% of their adjusted gross income in 1973. The State Tax Commission, however, decided that these percentage limits (special limitation) imposed a maximum on all of taxpayers’ deductions and not just on the charitable contributions deductions and imposed the deficiencies as aforesaid.
The petitioners contend that there is no support for this extension of the special limitation to all deductions and that it is specifically a limitation only on the charitable contributions deduction.
This court must agree with the contentions of the petitioners. A plain reading of the statute in question, section 170 (subd [if], par [6], cl [A]) of the Internal Revenue Code (US Code, tit 26, § 170, subd [f], par [6], cl [A]) does not support the respondent’s concept of maximum itemized deductions and there are no cases submitted by the respondent nor could this court find any to support its interpretation. The statute limits the charitable contributions deduction and does not restrict the availability of all itemized deductions, in this court’s opinion. Further, to accept the respondent’s interpretation of the statute could result in inequitable and illogical results if carried to a conclusion. If, for example, two taxpayers have the same adjusted gross income and one has no medical expenses while the other (an invalid) has doctor and hospital bills of $100,000 deductible for tax purposes, respondent’s interpretation of the statute would impose the same tax liability on both *189 taxpayers, in effect denying the invalid taxpayer his medical expense deduction. Similar inequities could arise with respect to casualty losses or through mortgage interest. This was not the intent of the Congress in framing the statute (US Code, tit 26, § 170, subd [f], par [6], cl [A]), in the absence of clear evidence to the contrary. None has been submitted to this court.
The petition annulling the respondent’s determination with respect to petitioners’ taxes for the years 1971, 1972 and 1973 is in all respects granted.